Steven A. Alpert, NV Bar # 8353
PRICE LAW GROUP, APC
5940 S Rainbow Blvd,
Las Vegas, NV 89118
T: (702) 794-2008
F: (866) 401-1457
alpert@pricelawgroup.com
*Attorneys for Plaintiff*
*Lindsay Perkins*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Lindsay Marie Perkins,<br><br>Plaintiff,<br><br>v.<br><br>Credit One Bank, N.A. and Does 1-5,<br><br>Defendants. | Case No.: 2:20-cv-01524<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br>1. TCPA, 47 U.S.C. §227<br>2. FCCPA, §559.55 *et seq.*, Fla. Stat.<br>3. FDCPA, 15 U.S.C.§1692 *et seq.*<br>4. Intrusion Upon Seclusion |

**COMES NOW**, Lindsay Marie Perkins ("Lindsay") by and through her attorneys of Price Law Group, APC, alleges the following against Credit One Bank, N.A. ("Credit One") and Does 1-5 (Credit One and Does 1-5 collectively referred to as "Defendants"):

## INTRODUCTION

1. Count I of Lindsay's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (FCC).

2. Count II of Lindsay's Complaint is based upon the Florida Consumer Collection Practices Act ("FCCPA"), §559.55 *et seq.*, Fla. Stat., which prohibits creditors and debt collectors from engaging in unfair practices in connection with the collection of

consumer debts.

3. Count III of Lindsay's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

4. Count IV of Lindsay's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION

5. Jurisdiction of the court arises under 28 U.S.C. §§1331, 1367, 15 U.S.C. §1692k(d), and 47 U.S.C. §227.

6. Diversity jurisdiction of this court arises under 28 U.S.C. § 1332 because (1) the matter in controversy exceeds the sum or value of $75,000.00, and (2) Lindsay is a citizen of Florida and Credit One is a citizen of Nevada.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(1), (2) in that Credit One resides in this District, and a substantial part of the events or omissions giving rise to the claims occurred within this District.

8. Defendants transact business and otherwise are "at home" in this District; therefore, personal jurisdiction is established.

## PARTIES

9. Lindsay is a natural person residing in Summerfield, Florida.

10. Lindsay is a "consumer" as defined under 15 U.S.C. §1692a(3) and §559.55(8), Fla. Stat.

11. Credit One is a national bank and its principal place of business is located at 6801 South Cimarron Road, Las Vegas, NV 89113.

12. Does 1-5 are "debt collectors" as defined under 15 U.S.C. §1692a(6).

**FACTUAL ALLEGATIONS**

13. Beginning in or around October 2019, Does 1-5 began calling Lindsay's cellular phone attempting to collect a debt allegedly owed by Lindsay to Credit One.

14. The alleged debt is an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

15. Upon information and belief, Credit One hired third party vendors Does 1-5 to place the collection calls to Lindsay.

16. Upon information and belief, Credit One directed, consented, or acquiesced to the manner, number, pattern, timing, and all other circumstance relating to the calls Does 1-5 made or intended to make to Lindsay's cellular phone.

17. Upon information and belief, Credit One directed Does 1-5 to continue calling Lindsay's cellular phone number even after Lindsay asked that the calls stop, or otherwise expressly or impliedly revoked consent to receiving calls on her cellular phone regarding her alleged debt to Credit One.

18. Upon information and belief, Credit One does not place any outbound collection calls to its customers and instead relies on third party vendors such as Does 1-5.

19. Upon information and belief, all calls made to Lindsay's cellular phone in an attempt to collect on her alleged debt to Credit One were made by Does 1-5.

20. Upon information and belief, Does 1-5 placed the collection calls and impersonated, acted in furtherance of, or misrepresented their relationship to Credit One, hiding their true identity and relationship to Credit One.

21. Does 1-5 misrepresented and deceived Lindsay as to their true identity and their affiliation to Credit One.

22. Does 1-5 placed telephone calls to Lindsay's cellular phone without a meaningful disclosure as to their true identity.

23. Upon information and belief, Does 1-5 intentionally and knowingly refrain

1 from disclosing their true identity so as to circumvent and avoid the requirements of the
2 FDCPA and FCCPA.

24. Upon information and belief, Does 1-5 are entities separate and distinct from Credit One.

25. Upon information and belief, Does 1-5 are call center collectors who act independently from Credit One and used their own agents and equipment to contact Lindsay.

26. Upon information and belief, Does 1-5 are in the business of collecting consumer debts owed or due or asserted to be owed or due another.

27. On or about October 21, 2019, at approximately 5:29 p.m., Lindsay answered a call from the number (267) 703-1213. After picking up the call, Lindsay noticed an unusually long delay and recalls hearing a short burst of dialing tones or beeps before the representative began speaking, consistent with the use of an automatic dialing system.

28. The representative calling informed and led Lindsay to believe that the representative was an employee of Credit One.

29. The representative then informed Lindsay that the representative was attempting to collect an alleged debt owed by Lindsay to Credit One.

30. After going through the identification process, Lindsay informed the representative that she could not pay and then instructed the representative to stop calling her.

31. Despite Lindsay expressly informing the representative not to call her and that she could not pay at the time, Does 1-5 began a harassment campaign by calling Lindsay on her cellular phone relentlessly for four months, including on the weekends.

32. The calls originated from the following numbers: (267) 703-0133; (267) 703-0183; (267) 703-0234; (267) 703-0873; (267) 703-0937; (267) 703-0948; (267) 703-0987; (267) 703-1001; (267) 703-1106; (267) 703-1112; (267) 703-1157; (267) 703-1162; (267) 703-1208; (267) 703-1213; (267) 703-1214; (267) 703-2991; (267) 703-3162; (267)

*Perkins, Lindsay v. Credit One Bank, N.A. et al.*
Complaint

703-3192; (267) 703-6455; (267) 703-6626; (267) 758-0871; (267) 930-5733; (267) 930-5778; (267) 930-6501.

33. Upon information and belief, these numbers are owned or operated Credit One.

34. Upon information and belief, Credit One gave access to or otherwise lent use of those numbers to Does 1-5 to make calls to Lindsay.

35. Upon information and belief, Does 1-5 "spoofed" or made their calls to show as originating from those numbers.

36. Between October 22, 2019 and February 10, 2020, Does 1-5 called Lindsay on her cellular telephone no less than **ONE HUNDRED AND SEVENTY NINE** (179) times after Lindsay requested for the calls to cease.

37. Does 1-5 called Lindsay almost every day, including the weekends.

38. Does 1-5 called Lindsay several times a day on a regular basis and many days in a row, up to six (6) times in one day.

39. Does 1-5 called Lindsay at all times of the day, from as early as 9 a.m., to as late at 8:59 p.m.

40. Upon information and belief, Does 1-5 also called and texted, or attempted to call and text friends and family of Lindsay with the intention that they would communicate to Lindsay that Credit One was attempting to collect a debt from her, causing Lindsay additional embarrassment and distress.

41. Upon information and belief, Does 1-5 called Lindsay and delivered prerecorded or artificial voice messages.

42. Upon information and belief, Does 1-5's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

43. Does 1-5's intrusion upon Lindsay seclusion was highly offensive to the reasonable person and exceeded reasonable collection efforts. Does 1-5's conduct was especially unreasonable because they called relentlessly shortly after Lindsay asked not to be called anymore.

44. Does 1-5's conduct was not only knowing and willful but was done with the intention of causing Lindsay such distress, so as to induce her to pay the debt or somehow pay more than she was able to.

45. Does 1-5 are familiar with the TCPA, the FCCPA and the FDCPA.

46. Each and every one of Does 1-5's telephone calls caused Lindsay distraction and temporary loss of use of her telephone line.

47. As a result of Does 1-5's conduct, Lindsay has sustained actual damages including but not limited to, stress, anxiety, embarrassment, anguish, annoyance, severe emotional and mental pain.

## COUNT I

### All Defendants

### Violations of the TCPA, 47 U.S.C. §227

48. Lindsay incorporates by reference the foregoing paragraphs as fully stated herein.

49. Defendants violated the TCPA. Defendants' violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Does 1-5 violated TCPA 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b) Within four years prior to the filing of this action, on multiple occasions, Does 1-5 violated TCPA 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded

Complaint

voice to deliver a message without the prior express consent of the called party. . . ."

c) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Lindsay on her cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowingly and/or willfully violated the TCPA.

50. As a result of Defendants' violations of 47 U.S.C. §227, Lindsay is entitled to declaratory judgment that Defendants' conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages for each and every negligent violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Lindsay is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II

### All Defendants

### Violations of the FCCPA, §559.55 *et seq.*, Fla. Stat.

51. Lindsay incorporates by reference the foregoing paragraphs as fully stated herein.

52. Defendants violated the FCCPA. Defendants' violations include, but are not limited to the following:

a) willfully communicating with Lindsay or any member of her family with such frequency as can reasonably be expected to harass Lindsay or her family, or willfully engaging in other conduct which can reasonably be expected to abuse or harass Lindsay or any member of her family, §559.72(7);

b) refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so; §559.72(15).

53. As a result of Defendants' violations of the FCCPA, Lindsay is entitled to recover actual damages, statutory damages of up to $1,000, and reasonable attorneys' fees and litigation expenses. §559.77(2).

## COUNT III

### Does 1-5

### Violations of the FDCPA, 15 U.S.C. §1692 *et seq.*

54. Lindsay incorporates by reference the foregoing paragraphs as fully stated herein.

55. Does 1-5 violated the FDCPA. Does 1-5's violations include, but are not limited to the following:

   a) collecting or attempting to collect a consumer debt without complying with the provisions of 15 U.S.C. §§1692b to 1692j;

   b) engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, §1692d;

   c) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, §1692d(5);

   d) using false, deceptive, or misleading representations or means in connection with the collection of any debt, §1692e;

   e) using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, §1692e(10);

   f) failing to disclose in the initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector, §1692e(11);

   g) using Credit One's name instead of the true name of the debt collector's business, company, or organization, §1692e(14);

      h) using unfair or unconscionable means in connection with the collection of an alleged debt, §1692f.

56. Does 1-5's acts, as described above, were done knowingly and willfully.

57. As a result of the foregoing violations of the FDCPA, Does 1-5 are liable to Lindsay for declaratory judgment that Does 1-5's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs. 15 U.S.C. §1692k(a).

## COUNT IV

## All Defendants

## Invasion of Privacy – Intrusion Upon Seclusion

58. Lindsay incorporates by reference the foregoing paragraphs as fully stated herein.

59. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

60. Defendants violated Lindsay's privacy. Defendants' violations include, but are not limited to, the following:

61. Defendants intentionally intruded, physically or otherwise, upon Lindsay's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite a request(s) for the calls to cease.

62. The number and frequency of the telephone calls to Lindsay by Defendants after a request(s) for the calls to cease constitute an intrusion on Lindsay's privacy and solitude.

63. Defendants' conduct would be highly offensive to a reasonable person as Lindsay received countless calls that often interrupted and occupied her cellphone line.

64. The frequency and volume of Defendants' calls were harassing to Lindsay.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Lindsay hereby demands a trial by

jury of all issues triable by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Lindsay Marie Perkins respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Does 1-5 violated the TCPA, GFBPA and FDCPA;

B. Declaratory judgment that Credit One violated the TCPA and GFBPA;

C. Statutory damages against Defendants of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

D. Statutory damages against Defendants of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

E. Actual damages against Defendants pursuant to §559.77(2), Fla. Stat.;

F. Statutory damages of $1,000 against Defendants pursuant to §559.77(2), Fla. Stat.;

G. Attorneys' fees and costs against Defendants pursuant to §559.77(2), Fla. Stat.;

H. Actual damages against Does 1-5 pursuant to 15 U.S.C. §1692k(a);

I. Punitive damages against Does 1-5 pursuant to 15 U.S.C. §1692k(a);

J. Attorneys' fees and costs against Does 1-5 pursuant to 15 U.S.C. §1692k(a);

K. Actual and punitive damages for Defendants' intrusion upon Lindsay's seclusion;

L. Awarding Lindsay any pre-judgment and post-judgment interest as may be allowed under the law; and

M. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 18th day of August 2020.

**PRICE LAW GROUP, APC**

By: */s/ Steven A. Alpert*
Steven A. Alpert, NV Bar # 8353
PRICE LAW GROUP, APC
5940 S Rainbow Blvd,
Las Vegas, NV 89118
T: (702) 794-2008
F: (866) 401-1457
alpert@pricelawgroup.com
*Attorneys for Plaintiff*
*Lindsay Perkins*