# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LINDSAY MARIE PERKINS,<br>    Plaintiff(s),<br>v.<br>CREDIT ONE BANK, N.A., et al.,<br>    Defendant(s). | Case No.: 2:20-cv-01524-KJD-NJK<br><br>**Order**<br><br>[Docket No. 16] |

Pending before the Court is Defendant's motion to stay discovery pending resolution of its motions to compel arbitration and to dismiss. Docket No. 11; *see also* Docket Nos. 5-6 (motions to compel and dismiss). Plaintiff filed a response in opposition. Docket No. 14; *see also* Docket No. 15 (errata). Defendant filed a reply. Docket No. 16. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and finds the motion sufficiently meritorious to warrant a stay. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). When the underlying motion is one seeking to compel arbitration, a stay is appropriate when the preliminary peek reveals that there is a reasonable possibility or probability that the district judge

1

will compel arbitration.  *See Shaughnessy v. Credit Acceptance Corp. of Nev., Inc.*, 2007 WL 9728688, at *2-3 (D. Nev. Nov. 28, 2007).  Courts frequently stay discovery pending resolution of a motion to compel arbitration.  *See, e.g.*, *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases).  The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases.  *See Tradebay*, 278 F.R.D. at 602-03.

There is no dispute that the claims as to Defendant Credit One are subject to arbitration. Plaintiff instead asks that, notwithstanding the arbitrability of the claims against Credit One, she be permitted to conduct discovery in this case with respect to the currently unknown Doe Defendants.  This argument was flatly rejected last month by United States District Judge James C. Mahan, who held that such discovery was impermissible in a case in which the claims against Credit One were subject to arbitration.  *Merritt v. Credit One Bank, N.A.*, 2020 WL 5775749, at *1 (D. Nev. Sept. 28, 2020); *accord Tucker v. Credit One Bank, N.A.*, 2020 U.S. Dist. Lexis 199659, at *2 (D. Nev. Oct. 27, 2020).[1]  The Court has not been persuaded to chart a different course in this case.

Accordingly, the motion to stay discovery is **GRANTED**.  To the extent resolution of the motion to compel and to dismiss does not result in the cessation of proceedings in this Court, the parties must file a proposed joint discovery plan within 14 days of the issuance of that order.

IT IS SO ORDERED.

Dated: October 30, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] In responding to the motion to stay discovery, Plaintiff seeks an order allowing her to conduct discovery to ascertain the identities of the Doe Defendants.  *See* Docket No. 15 at 6-9 (quoting *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) and *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  As a threshold matter, parties are not permitted to present requests in an opposition brief.  Local Rule IC 2-2(b).  At any rate, the Court notes that such an order is properly issued only where a showing is made that the Court likely has jurisdiction over the unknown defendants.  *E.g.*, *Lik v. Doe*, 2020 WL 1984291, at *2 (N.D. Cal. Apr. 27, 2020) (collecting cases); *Quad Int'l, Inc. v. Doe*, 2013 WL 178141, at *4 (E.D. Cal. Jan. 16, 2013). Plaintiff has not sufficiently shown that this Court would have personal jurisdiction over the Doe Defendants in this case.